UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HINTON, a/k/a Daniel Hinton-Morales, a/k/a Daniel Camilo Hinton,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIM WALBURG, Former Sheriff,<br><br>                    Defendant. | 4:23-CV-04201-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING |

Plaintiff, Daniel Hinton, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Hinton moves for leave to proceed in forma pauperis, Docket 2, and filed a motion to appoint counsel, Docket 3.

I. **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton's financial

affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Hinton's motion for leave to proceed without prepayment of fees (Docket 2) is granted. This court now screens Hinton's complaint.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Hinton's complaint are: that former Lake County Sheriff Tim Walburg was made aware of Hinton's medical needs but denied Hinton access to medical care. Docket 1 at 2–3. Hinton was serving a thirty-day sentence in jail when he began experiencing "excruciating pain originating from [his] Scrotum." *Id.* at 3. Hinton claims that the pain "reduced his able body movements to remaining in bed." *Id.* Jailor Angie and Jail Administrator Darcy Smith informed Walburg of Hinton's medical emergency. *Id.* Several days had passed since Walburg was informed of Hinton's pain, but Hinton claims that jailors were not able to get him medical help because of Walburg. *Id.* Walburg scheduled Hinton for an appointment at Madison Regional Health Hospital. *Id.* "An autopsy revealed Section(s) of Daniel Hinton[']s Scrotum had suffered a loss of blood flow . . . and lost dimension(s) in mass." *Id.* Hinton also claims that "[t]he testi limb had nearly been lost partly by a torsion." *Id.*

Hinton does not specify if he sues Walburg in his individual or official capacity. *See generally id.* "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531,

535 (8th Cir. 1999). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Hinton only sues Walburg in his official capacity. Hinton seeks $250,000 in damages because "[a] limb was suffered by loss of Access to Emergency Medical Health Care." Docket 1 at 4.

### B.    Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

3

1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

  **C. Legal Analysis**

Hinton sues Walburg in his official capacity seeking money damages. Docket 1 at 2, 4. Walburg was an employee of Lake County. *Id.* at 2. "A suit

4

against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id. See also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (stating that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom[.]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir.

5

2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Hinton does not allege an unconstitutional policy or custom. Thus, Hinton's claim against Walburg in his official capacity for money damages is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### D.  Filing an Amended Complaint

Hinton may pursue claims for money damages against Walburg in his individual capacity. To do so, Hinton must file an amended complaint clearly identifying his intent to sue Walburg in his individual capacity. Hinton has thirty days to file an amended complaint. Hinton must file his amended complaint on or before **May 25, 2024**.

>If Hinton files an amended complaint, he should specifically:
>
>(1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) explain how each individual personally violated his constitutional rights; (3) state in what capacity he is suing each Defendant (individual capacity, official capacity, or both); (4) identify his prisoner status at the time of the alleged unconstitutional conduct; (5) state the injury he suffered as a result of each Defendant's alleged unconstitutional conduct; and (6) state what relief he seeks from the Court.

---

[1] Walburg, former sheriff of Lake County, is sued in his official capacity. "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Because Hinton's official capacity claims do not survive screening, substitution is not necessary.

*Gray v. Does*, 2023 WL 7381414, at *2 (E.D. Ark. Oct. 30, 2023). "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir 2000)). Thus, all claims that Hinton seeks to bring against Walburg must be included in an amended complaint.

Because Hinton has not sued Walburg in his individual capacity, the court need not analyze whether the original complaint alleges an Eighth Amendment claim for deliberate indifference to his serious medical needs. If Hinton files amended complaint, the amended complaint must allege sufficient facts to show a claim upon which relief may be granted.

To state a claim for deliberate indifference, the plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (citation and internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, it is ORDERED:

1. That Hinton's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Hinton's claims against Walburg in his official capacity are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Hinton has until **May 25, 2024**, to file an amended complaint. Failure to do so will result in dismissal of his case without prejudice.

4. That Hinton's motion to appoint counsel (Docket 3) is denied.

Dated April 25, 2024.

       BY THE COURT:

       /s/ *Karen E. Schreier*
       KAREN E. SCHREIER
       UNITED STATES DISTRICT JUDGE